FILED

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

2010 JUN -8  A 11: 00

3:10-cv- 384 (JRS)

DEBORAH SALUS
    Plaintiff,

v.                                                                 **JURY DEMANDED**

EXPERIAN INFORMATION SOLUTIONS, INC.
GENERAL ELECTRIC COMPANY D/B/A GE CAPITAL
    Defendants.

## COMPLAINT

Ms. Salus, by counsel, files this complaint against the above referenced Defendants for their violation of the Fair Credit Reporting Act and the state tort Claim of Defamation.

## PRELIMINARY STATEMENT

1.    This is an action by a consumer seeking actual, statutory, and punitive damages, attorney fees and costs and for declaratory and injunctive relief for defendants violation The Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681 *et seq.* and the related State tort of Defamation.

## JURISDICTION, VENUE and JURY DEMAND

2.    This court has Federal Question jurisdiction, 28 U.S.C. §1331, pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681p.

Jason M. Krumbein, Esq. VSB#43538
Counsel for Deborah Salus
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
804-673-4358
804-673-4350 (fax)
KrumbeinLaw@gmail.com (e-mail)

3.      This court has jurisdiction over the state law questions as they are inextricably related to the Federal law questions, 28 U.S.C. §1367, and because the parties are diverse and the demand is for more than $75,000.00, 28 U.S.C. §1332.

4.      This is the proper venue because the plaintiff resides here, and the majority of the actions claimed happened within the confines of the Eastern District of Virginia.  28 U.S.C. §1391(b) and (c).

5.      The court has personal jurisdiction over the defendants because they regularly transact business here, such that they should expect to be hailed into court here.

6.      **TRIAL BY JURY IS DEMANDED. Fed.R.Civ.P. 38**

## PARTIES

7.      Plaintiff is a natural person and a resident of the Commonwealth of Virginia

8.      Plaintiff is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681a(b) and (c).

9.      Experian Information Solutions, Inc. (hereinafter "Experian") is an Ohio Corporation registered with the Virginia State Corporation Commission with a registered agent, and authorized to do business in the Commonwealth of Virginia.

10.     Upon information and belief, Experian is a "Consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p). Upon information and belief, Experian is regularly engaged in the business of compiling and maintaining files on consumers on a

Jason M. Krumbein, Esq. VSB#43538
Counsel for Deborah Salus
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
804-673-4358
804-673-4350 (fax)
KrumbeinLaw@gmail.com (e-mail)

Page 2

nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumer residing nationwide:

a. Public record information;

b. Credit account information from persons who furnish that information regularly and in the ordinary course of business.

11. General Electric Company D/B/A GE Capital (hereinafter "GEC") is an New York Corporation registered with the Virginia State Corporation Commission with a registered agent, and authorized to do business in the Commonwealth of Virginia.

12. Upon information and belief, GEC is a furnisher of information to Experian.

## FACTS

13. Plaintiff filed for Chapter 7 protection under the Bankruptcy code on March 12, 2009 in the Eastern District of Virginia, Richmond Division. Plaintiff's case number was 3:09-31574-KRH.

14. Subsequently, Plaintiff received her discharge on June 20, 2009.

15. Plaintiff sent a letter on or about October 6, 2009 to Experian regarding all of her debts that were listed and scheduled in her Bankruptcy to ensure that they were all reporting correctly as Discharged in Bankruptcy, and further requested a formal investigation and an updated consumer disclosure.

16. On information and belief, Experian either transmitted all the relevant documents to GEC, or failed to do so between October 9, 2009 and October 28, 2009.

Jason M. Krumbein, Esq. VSB#43538
Counsel for Deborah Salus
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
804-673-4358
804-673-4350 (fax)
KrumbeinLaw@gmail.com (e-mail)

Page 3

17.   On information and belief, Experian did absolutely no independent investigation of the facts, and relied upon the information provided by GEC, even though numerous courts, nationwide, have sanctioned each of them on more than one occasion since 1997.

18.   On information and belief, GEC did not conduct any investigation on this account and verified that the plaintiff was liable on the account.

19.   Defendant Experian sent a response to Plaintiff on or about October 28, 2009, stating "Transferred, closed. $3,589 written off".

20.   On information and belief, TransUnion and Experian failed to conduct their own investigation of the information provided by the consumer.

21.   On information and belief, Experian failed to consider all relevant information.

22.   On information and belief, Experian failed to have a procedure in place to assure maximum possible accuracy.

23.   On information and belief, Experian failed to remove or update unverifyable or inaccurate information.

24.   On information and belief, GEC failed to conduct a reasonable reinvestigation with regard to the tradeline they were reporting after notice of dispute from a Consumer Reporting Agency.

25.   On information and belief, GEC failed to consider all relevant information with regard to the tradeline they were reporting after notice of dispute from a Consumer Reporting Agency.

Jason M. Krumbein, Esq. VSB#43538
Counsel for Deborah Salus
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
804-673-4358
804-673-4350 (fax)
KrumbeinLaw@gmail.com (e-mail)

Page 4

26. On information and belief, GEC failed to update the information with regard to the unverifiable or inaccurate information with regard to the tradeline they were reporting after notice of dispute from a Consumer Reporting Agency.

27. As a result of the actions and inactions of the defendants, the plaintiff suffered damages, including but not limited to mental and emotional distress, denial of credit expectations, denial of offers of credit, and other damages.

**COUNT ONE:**
**CLAIM FOR RELIEF**
**(Defendant Experian ONLY)**
**15 U.S.C. §1681i[a][1]**

28. Plaintiff restates and re-alleges all previous paragraphs herein.

29. Defendants have violated 15 U.S.C. §1681i[a][1] in that they failed to conduct a reasonable reinvestigation, and "parroted" the information provided by the furnisher.

30. Defendants have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to the plaintiff.

31. Defendants have done so either negligently or willfully.

32. Plaintiff is entitled to actual damages, punitive damages, attorney fees and costs pursuant to 15 U.S.C. §1681o.

33. Alternatively, plaintiff is entitled to actual damages, attorney fees and costs if the violation is negligent, pursuant to 15 U.S.C. §1681n

Jason M. Krumbein, Esq. VSB#43538
Counsel for Deborah Salus
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
804-673-4358
804-673-4350 (fax)
KrumbeinLaw@gmail.com (e-mail)

Page 5

## COUNT TWO:
### CLAIM FOR RELIEF
### (Defendant Experian ONLY)
### 15 U.S.C. §1681i[a][2]

34. Plaintiff restates and re-alleges all previous paragraphs herein.

35. Defendants have violated 15 U.S.C. §1681i[a][2] in that they failed to consider all forward all relevant information to the furnisher of information..

36. Defendants have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to the plaintiff.

37. Defendants have done so either negligently or willfully.

38. Plaintiff is entitled to actual damages, punitive damages, attorney fees and costs pursuant to 15 U.S.C. §1681o.

39. Alternatively, plaintiff is entitled to actual damages, attorney fees and costs if the violation is negligent, pursuant to 15 U.S.C. §1681n.

## COUNT THREE:
### CLAIM FOR RELIEF
### (Defendant Experian ONLY)
### 15 U.S.C. §1681i[a][4]

40. Plaintiff restates and re-alleges all previous paragraphs herein.

41. Defendants have violated 15 U.S.C. §1681i[a][4] in that they failed to delete information that was inaccurate or could not be verified.

42. Defendants have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to the plaintiff.

43. Defendants have done so either negligently or willfully.

Jason M. Krumbein, Esq. VSB#43538
Counsel for Deborah Salus
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
804-673-4358
804-673-4350 (fax)
KrumbeinLaw@gmail.com (e-mail)

Page 6

44. Plaintiff is entitled to actual damages, punitive damages, attorney fees and costs pursuant to 15 U.S.C. §1681o.

45. Alternatively, plaintiff is entitled to actual damages, attorney fees and costs if the violation is negligent, pursuant to 15 U.S.C. §1681n.

COUNT FOUR:
CLAIM FOR RELIEF
(Defendant Experian ONLY)
15 U.S.C. §1681i[a][5]

46. Plaintiff restates and re-alleges all previous paragraphs herein.

47. Defendants have violated 15 U.S.C. §1681i[a][5] in that they failed to have a procedure to prevent the reoccurrence of inaccurate or unverifiable information..

48. Defendants have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to the plaintiff.

49. Defendants have done so either negligently or willfully.

50. Plaintiff is entitled to actual damages,, punitive damages, attorney fees and costs pursuant to 15 U.S.C. §1681n.

51. Alternatively, plaintiff is entitled to actual damages, attorney fees and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

Jason M. Krumbein, Esq. VSB#43538
Counsel for Deborah Salus
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
804-673-4358
804-673-4350 (fax)
KrumbeinLaw@gmail.com (e-mail)

Page 7

## COUNT FIVE:
### CLAIM FOR RELIEF
#### (Defendant GEC ONLY)
#### 15 U.S.C. §1681s-2[b][1][A]

52.   Plaintiff restates and re-alleges all previous paragraphs herein.

53.   Defendant have violated 15 U.S.C. §1681s-2[b][1][A] in that they failed to conduct a reasonable reinvestigation of information forwarded to them by a Consumer Reporting Agency.

54.   Defendants have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to the plaintiff.

55.   Defendants have done so either negligently or willfully.

56.   Plaintiff is entitled to actual damages, punitive damages, attorney fees and costs pursuant to 15 U.S.C. §1681o.

57.   Alternatively, plaintiff is entitled to actual damages, attorney fees and costs if the violation is negligent, pursuant to 15 U.S.C. §1681n.

## COUNT FOUR:
### CLAIM FOR RELIEF
#### (Defendant GEC ONLY)
#### 15 U.S.C. §1681s-2[b][1][B]

58.   Plaintiff restates and re-alleges all previous paragraphs herein.

59.   Defendant have violated 15 U.S.C. §1681s-2[b][1][B] in that they failed to consider all relevant information forwarded to them by the consumer reporting agencies.

Jason M. Krumbein, Esq. VSB#43538
Counsel for Deborah Salus
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
804-673-4358
804-673-4350 (fax)
KrumbeinLaw@gmail.com (e-mail)

Page 8

60. Defendants have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to the plaintiff.

61. Defendants have done so either negligently or willfully.

62. Plaintiff is entitled to actual damages, punitive damages, attorney fees and costs pursuant to 15 U.S.C. §1681o.

63. Alternatively, plaintiff is entitled to actual damages, attorney fees and costs if the violation is negligent, pursuant to 15 U.S.C. §1681n.

**COUNT SIX:**
**CLAIM FOR RELIEF**
**(Defendant GEC ONLY)**
**15 U.S.C. §1681s-2[b][1][C]**

64. Plaintiff restates and re-alleges all previous paragraphs herein.

65. Defendant have violated 15 U.S.C. §1681s-2[b][1][C] in that they failed to report the results of their investigation to the consumer reporting agencies.

66. Defendants have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to the plaintiff.

67. Defendants have done so either negligently or willfully.

68. Plaintiff is entitled to actual damages, punitive damages, attorney fees and costs pursuant to 15 U.S.C. §1681o.

69. Alternatively, plaintiff is entitled to actual damages, attorney fees and costs if the violation is negligent, pursuant to 15 U.S.C. §1681n.

Jason M. Krumbein, Esq. VSB#43538
Counsel for Deborah Salus
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
804-673-4358
804-673-4350 (fax)
KrumbeinLaw@gmail.com (e-mail)

## COUNT SEVEN:
### CLAIM FOR RELIEF
#### (Defendant GEC ONLY)
#### 15 U.S.C. §1681s-2[b][1][D]

70.   Plaintiff restates and re-alleges all previous paragraphs herein.

71.   Defendant have violated 15 U.S.C. §1681s-2[b][1][D] in that they failed to report to all national consumer reporting agencies that the information was inaccurate or unverifiable.

72.   Defendants have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to the plaintiff.

73.   Defendants have done so either negligently or willfully.

74.   Plaintiff is entitled to actual damages, punitive damages, attorney fees and costs pursuant to 15 U.S.C. §1681o.

75.   Alternatively, plaintiff is entitled to actual damages, attorney fees and costs if the violation is negligent, pursuant to 15 U.S.C. §1681n.

## COUNT EIGHT:
### CLAIM FOR RELIEF
#### (Defendant GEC ONLY)
#### 15 U.S.C. §1681s-2[b][1][E]

76.   Plaintiff restates and re-alleges all previous paragraphs herein.

77.   Defendant have violated 15 U.S.C. §1681s-2[b][1][E] in that they failed to have a procedure to [i] modify the information in their system, [ii] delete the in accurate or unverifiable information, or [iii] block the re-reporting of inaccurate or unverifiable information.

Jason M. Krumbein, Esq. VSB#43538
Counsel for Deborah Salus
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
804-673-4358
804-673-4350 (fax)
KrumbeinLaw@gmail.com (e-mail)

Page 10

78.   Defendants have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to the plaintiff.

79.   Defendants have done so either negligently or willfully.

80.   Plaintiff is entitled to actual damages, punitive damages, attorney fees and costs pursuant to 15 U.S.C. §1681o.

81.   Alternatively, plaintiff is entitled to actual damages, attorney fees and costs if the violation is negligent, pursuant to 15 U.S.C. §1681n.

**WHEREFORE**, the plaintiff, by counsel moves for judgment in an amount to be determined by a finder of fact.

DEBORAH SALUS

/s/ Jason M. Krumbein, Esq.
Jason M. Krumbein, Esq. VSB#43538
KrumbeinLaw@gmail.com (e-mail)
Counsel for Plaintiff
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
804-673-4358
804-673-4350 (fax)

Jason M. Krumbein, Esq. VSB#43538
Counsel for Deborah Salus
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
804-673-4358
804-673-4350 (fax)
KrumbeinLaw@gmail.com (e-mail)

Page 11